Dennis Wilson (Bar No. 155407)
E-Mail: dwilson@kmwlaw.com
Tara D. Rose (Bar No. 256079)
E-Mail: trose@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Howard S. Michael *(admitted pro hac vice)*
E-Mail: hmichael@brinkshofer.com
Tiffany W. Shimada *(admitted pro hac vice)*
E-Mail: tshimada@brinkshofer.com
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Plaintiff
ESOLAR, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESOLAR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESOLAR EXCHANGE LLC, an unknown business entity,<br><br>Defendant. | **CASE NO. 12-04134- ODW (MANx)**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

Upon consent of the Plaintiff eSolar, Inc. ("Plaintiff") and Defendant eSolar Exchange LLC ("Defendant"), the Court finds as follows:

1. The Court has jurisdiction over the parties and the subject matter of this lawsuit.

2. Plaintiff eSolar, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3355 West Empire Avenue, Suite 200, Burbank, California 91504. Plaintiff specializes in, among other things, generating and producing solar energy, and providing design and development in the field of power plant construction.

3. Defendant eSolar Exchange LLC is a business entity located in California having its principal place of business at 343 Soquel Avenue, Suite 320, Santa Cruz, California 95062.

4. eSolar, Inc. is the owner of all right, title, and interest to U.S. Trademark Reg. No. 3,828,737 for the mark ESOLAR (the "ESOLAR Mark") covering the following: "power plants" in International Class 11; "energy recycling services, namely, capturing and conversion of solar energy into electricity and useful steam; generation and production of energy" in International Class 30; and "design, development, and consulting services in the field of power plant construction; designing plant components and equipment for power plants; engineering services in the field of construction of power plants" in International Class 42.

5. Reg. No. 3,828,737 issued on August 3, 2010, and is valid and in full force and effect.

6. Defendant began offering renewable energy trading services to the public using the ESOLAR Mark, by itself and also as ESOLAR EXCHANGE.

7. Defendant's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition in violation of the California Business and

Professional Code, § 17200, and unfair competition in violation of common law of the State of California.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Defendant, together with all of its agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active concert or participation with Defendant are hereby immediately and permanently enjoined and restrained from engaging in, committing, performing, directly or indirectly, by any means whatsoever, any of the following acts:

   a. Using the marks ESOLAR or ESOLAR EXCHANGE in interstate commerce, or any other similar marks that are likely to cause confusion, mistake or deception with the Plaintiff's ESOLAR Mark;

   b. Directly or indirectly applying to register the ESOLAR Mark, or ESOLAR EXCHANGE, with the United States Patent and Trademark Office;

   c. Distributing, selling, or offering for sale any services under the ESOLAR Mark, or ESOLAR EXCHANGE;

   d. Doing any act or thing likely to induce the mistaken belief that Defendant's business is in any way affiliated, connected, or associated with Plaintiff, or doing any other act or thing likely to cause confusion with respect to the ESOLAR Mark; and

   e. Doing any act which may, or is intended, designed, or calculated to, injure Plaintiff's business reputation and goodwill associated with the ESOLAR Mark and from otherwise unfairly competing with Plaintiff in any manner whatsoever.

2. Pursuant to 15 U.S.C. § 1118, Defendant is ordered to deliver up for destruction all materials, including, but not limited to, labels, signs, prints and advertisements and all other matter in the custody or under the control of Defendant and its agents, servants and employees bearing the ESOLAR Mark by February 1,

2013.

3.     Defendant is ordered to file with this Court and serve upon Plaintiff by February 1, 2013, a report in writing, under oath, setting forth in detail the manner and the form in which Defendant has complied with such injunction.

4.     In the event that Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes Plaintiff's trademark, Plaintiff shall be entitled to injunctive relief, damages, and profits, and Defendant shall pay Plaintiff's attorney fees and costs incurred as a result of such infringement, and/or breach, including investigative costs incurred in the discovery of such infringement and/or breach.

5.     The Court retains jurisdiction of this matter for the purpose of enabling the parties to apply to this Court at any time for such further orders or direction as may be necessary for the interpretation or implementation hereof; compliance herewith; or the entry of relief as a result of non-compliance with the terms of this Consent Judgment.  Pursuant to *Kokkonen v. Guardian Life Inc. Co. of Am.*, 511 U.S. 375 (1994), the Court retains jurisdiction for purposes of enforcing the terms of this Consent Judgment.

6.     Any proceeding before this Court to enforce the terms of this Consent Judgment shall be resolved by motion without the necessity of filing a new and separate action.  The parties will be permitted to submit evidence and memorandum of points and authorities according to the briefing requirements set forth by Federal Rules of Civil Procedure and this Court's local rules.

7.     Nothing herein shall in any manner preclude Plaintiff from pursuing additional claims against other potentially responsible third parties regarding the issues involved in this suit.  Defendant agrees to, in good faith, assist Plaintiff in pursuing such claims.

8.     The permanent injunction shall remain in full force and effect until

1  modified by order of this Court.

2      9.    The parties shall bear their own fees and costs for this action.

Dated December 19, 2012

_____
Honorable Otis D. Wright II
United States District Court Judge

- 4 -

CASE NO. 12-04134 ODW (MANx)
CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER